# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAY HARRIS, HARRIS HOSPICE, INC., **Plaintiffs**, v. TLS MANAGEMENT AND MARKETING SERVICES, LLC, **Defendant.** | **CIVIL NO. 18-1320 (RAM)** |

## CONFIDENTIALITY ORDER

Disclosure and discovery activities in this action are likely to involve confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this action will be warranted. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court orders the following:

1. As used throughout this Order, the terms listed in this Paragraph shall be defined as follows:

    a. A "Party" means any Plaintiff in this action or the Defendant in this action.

    b. "Protected Materials" shall mean documents or information designated as "CONFIDENTIAL" in accordance with this Order.

    c. A "Designating Party" means any Party or Third Party (as defined below) that, in accordance with this Order,

designates and produces information and material as Protected Materials.

   d. A "Disclosing Party" means any Party that, in accordance with Paragraph 7 of this Order, wishes to disclose Protected Materials to persons identified in Paragraphs 8(C) and 8(F) of this Order.

   e. A "Receiving Party" means any Party that receives Protected Materials produced in accordance with this Order from a Designating Party.

   f. A "Third Party" means any natural person, partnership, corporation, association, or other legal entity that is not a party to this action.

2. The Parties or any Third Party may designate, in the manner set forth by and permitted in this Order, as "CONFIDENTIAL" any document, testimony, information, or other material provided by them in the course of this action ("Protected Materials").

   a. Protected Materials designated as "CONFIDENTIAL" shall be limited to those materials that the Designating Party reasonably and in good faith believes constitute matter that is not generally known to the public and that the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence, including, but not limited to, information

      regarding the Designating Party's business affairs, technology, products, processes, know-how, marketing, personal or business information that would provide others with an unfair competitive or improper advantage. The categories of Protected Materials listed in this Paragraph are for illustrative purposes only and are not exhaustive of the categories of Protected Materials the Parties may designate as "CONFIDENTIAL" under this Order.

   b. Protected Materials designated as "CONFIDENTIAL" shall not include, with respect to any Party, information in the public domain or otherwise publicly available (other than as a result of disclosure by such Party or its officers, directors, employees, agents or representatives, in violation of this Order).

3. Any Protected Materials shall be designated as "CONFIDENTIAL" on the first page of the document, to the extent possible. For Protected Materials produced in some form other than documentary, and for any other tangible items, such Protected Materials shall be designated by affixing in a prominent place on the exterior of the container or containers or other manner in which the information or item is stored, the legend "CONFIDENTIAL." If only a portion of the information or item warrants protection, the Designating Party, to the extent

practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

4. Any parts of testimony given at a deposition or hearing and the resulting transcript that the Designating Party in good faith believes is confidential may be designated as "CONFIDENTIAL" either contemporaneously or within thirty (30) days after receipt of a copy of the transcript by advising the other parties to this action and the court reporter in writing of the specific page and line numbers designated as "CONFIDENTIAL." All copies of transcripts that contain Protected Materials shall be marked "CONFIDENTIAL" on the pages of the transcript that are to be deemed as Protected Materials.

5. Any Party that submits Protected Materials to the Court, whether through CM/ECF filings or otherwise, shall comply with all standing orders and rules in connection with the filing of restricted or confidential documents or materials. The filing of any documents or materials "under seal" or "restricted" with the Court shall not be interpreted as an admission by any Party that any such documents or materials are indeed confidential.

6. The protections conferred by this Order cover not only Protected Materials, but also (i) any information copied or extracted from Protected Materials; (ii) all copies,

excerpts, summaries, or compilations of Protected Materials; and (iii) any testimony conversations, or presentations by a Party or their counsel that might reveal Protected Materials.

7. Any Protected Materials disclosed by the Designating Party shall be used only by the Receiving Party(ies) in connection with this litigation and solely for purposes of prosecuting, defending, or attempting to settle this litigation.

8. Protected Materials designated "CONFIDENTIAL" shall not be disclosed to anyone other than the following persons:

    a. Counsel representing or advising the parties to this action, including in-house counsel or any other legal staff personnel who are employed by a Party and are participating in this action on behalf of the Party;

    b. The principals, managers, members, officers, agents, and employees of a Party who are actively involved in this action on behalf of the Party;

    c. Independent outside experts or consultants, whether testifying or non-testifying, who have been retained by a Party or counsel to assist with the technical, financial or other aspects of the litigation ("Experts" or "Consultants"), and staff employed by such Experts or Consultants, but only after compliance with the requirements of Paragraph 9, provided that no disclosure of Protected Materials may be provided to an expert or

consultant that is a current officer, director, or employee of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a competitor of a Party. No disclosure of Protected Materials may be provided to an expert or consultant that is involved in competitive decision-making, as defined by U.S. Steel v. United States, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a competitor of a Party;

   d. Witnesses at depositions if the witness is a principal, manager, member, officer, agent, employee, or expert of the Designating Party;

   e. Court officials involved in these proceedings, including court reporters and persons operating video recording equipment at depositions; and;

   f. Any other person who is approved by subsequent Order of the Parties or order of the Court, but only after compliance with the requirements of Paragraph 9.

9. Prior to disclosing any Protected Materials to any person described in Paragraphs 8(c) or 8(f), counsel for the Disclosing Party must first identify that person by providing written notice to counsel for each of the Parties that: (a) sets forth the full name of the person and the city and state of his or her primary residence; and (b) in the case of

Experts or Consultants, attaches a copy of the Expert's or Consultant's resume or curriculum vitae and the information required by Fed. R. Civ. P. 26(a)(2)(B). Counsel for the Disclosing Party must also provide a copy of this Order to that person.

   a. Prior to any disclosure of the Protected Materials under this Paragraph, the receiving person must first receive and will be bound by this Order. The administrative and clerical staff of that person will also be bound by this Order to the extent they assist that person and come in contact with Protected Materials.

10. Absent written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file or disclose in the public record any Protected Materials.

11. Notwithstanding anything to the contrary in this Order, any Party may provide material designated "CONFIDENTIAL" to any individual or entity if the Designating Party gives written permission or the Court orders such disclosure.

12. A Party who objects to any designation of confidentiality may, at any time before the trial of this action, serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach an agreement promptly, counsel for any affected

Party will bring their dispute before the Court. In accordance with Fed. R. Civ. P. 26(c)(1), any motion to that effect must include a certification that the parties have conferred, or attempted to confer, in good faith in an effort to resolve the dispute without court action.

13. If any Protected Materials in the possession, custody, or control of a Receiving Party are sought by subpoena, request for production of documents, interrogatories, or any other form of discovery request or compulsory process, including any form of discovery request or compulsory process of any court, administrative or legislative body, or any other person or tribunal purporting to have opportunity to seek such information by compulsory process or discovery request, including private parties, the Receiving Party to whom the process or discovery request is directed shall, within ten (10) business days after receipt thereof, give written notice of such process or discovery request, together with a copy thereof, to counsel for the Designating Party. The Designating Party may move against the subpoena or other process, or otherwise oppose entry of any order by a court of competent jurisdiction compelling production of the Protected Materials. If the Designating Party objects or moves against the subpoena or other process, the Party receiving the subpoena or process shall not produce the

Protected Materials before the actual due date for compliance, and shall not object to or interfere with any effort by the Designating Party to seek a prompt judicial determination of the Designating Party's motion or objection before compliance is required.

14. Protected Materials may be offered into evidence at trial or at any hearing, however, the Designating Party shall petition the Court to establish procedures to protect the confidentiality of such materials at trial or any hearing.

15. Unless otherwise specifically agreed to in this Order, nothing in this Order shall affect the discovery obligations provided under the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Puerto Rico nor under the Rules of Evidence.

16. Counsel are required to exert reasonable efforts to identify materials protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such materials or information. Pursuant to and in accordance with Fed. R. Evid. 502(d), the inadvertent production of any document or thing will be without prejudice to any claim that such material is protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or protection, and shall not constitute a waiver of that privilege or protection in this case or any other federal or

state proceeding. This Order shall be interpreted to provide the maximum protection allowed by the Federal Rules of Evidence 502(d). In the event a Party sends written notice to the other Party(ies) that materials subject to a claim of privilege or protection (e.g., attorney-client privilege or work product immunity) were inadvertently produced, the Receiving Party(ies) shall return, sequester, or destroy such materials (and take reasonable action to retrieve from third parties for return, sequester, or destruction), together with all copies thereof, within ten (10) business days of receiving said notice. Nothing in this provision shall waive or limit any Party's obligations under Fed. R. Civ. P. 26(b)(5)(B).

17. In the event any Party produces Protected Materials that it inadvertently fails to designate as such at the time of production, it may thereafter serve notice on all Parties of the confidential nature of such Protected Materials, which materials will thereafter be treated as "CONFIDENTIAL" pursuant to the terms of this Order. The inadvertent or unintentional production of Protected Materials without being designated as such in accordance with this Order at the time of production or disclosure will not be deemed a waiver in whole or in part of a Designating Party's claim of

confidentiality as to the specific Protected Materials disclosed.

18. Counsel for each Party shall take reasonable precautions to prevent unauthorized or inadvertent disclosure of any Protected Materials to any person not authorized to receive such Protected Materials under the terms of this Order. If any Party learns of any such unauthorized or inadvertent disclosure of Protected Materials, that Party's counsel shall (i) use its best efforts to retrieve all copies of the unauthorized or inadvertently-disclosed Protected Materials, (ii) shall inform the Designating Party promptly of the disclosure and the circumstances surrounding the disclosure, but no later than ten (10) business days after discovery of such unauthorized or inadvertent disclosure, and (iii) have the Receiving Party who received the unauthorized or inadvertently disclosed Protected Materials agree to be bound by the terms of this Order and sign this Order. Protected Materials shall, when not in use, be stored in such a manner that persons not in the employment or service of those possessing such Protected Materials will be unlikely to obtain access to them.

19. Nothing in this Order prevents a Party from disclosing its own Protected Materials as it sees fit. Any use or discussion

of such Protected Materials by the Designating Party shall not be deemed a waiver of the terms of this Order.

20. Within sixty (60) days after the entry of final judgment from which no appeal has been or can be taken, the settlement of all claims asserted by any Party, or the dismissal of all claims asserted in this action, the Parties shall make reasonable efforts to return all Protected Materials subject to this Order to the Designating Party or certify that reasonable efforts have been taken to ensure that all Protected Materials have been destroyed. This will not apply to materials, documents or information that must be disclosed by law or that is compelled by judicial or administrative process.

21. The terms of this Order shall apply to all manner and means of discovery. The provisions of this Order may be modified at any time by written stipulation of the Parties. In addition, a Party may at any time apply to the Court for modification of this Order. Nothing in this Order shall constitute (a) an Order to produce in discovery any testimony, document, or other information; (b) a waiver of any right to object to or seek a protective order with respect to any discovery or other matter in this or any other litigation; or (c) a waiver of any claim or immunity,

protection, privilege or lack thereof with respect to any testimony, document, or information.

22. This Order shall not affect the rights of any of the Parties to this action, shall not have the effect of altering the burden of proof with regards to any matter in connection with this action, nor does this Order in any way constitute an admission by any party that the documents produced pursuant to this Order are in fact confidential for purposes of this action or any other action. Likewise, this Order does not constitute an admission that any documents are admissible, discoverable or relevant in this action or a waiver of the right of any party to object to the production or admission of any document.

**IT IS SO ORDERED.**

In San Juan Puerto Rico, this 10th day of January 2020

    S/ RAÚL M. ARIAS-MARXUACH
    United States District Judge